IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**DESMOND AGBONDINMWIN**,
an Individual,

Plaintiff,

CIVIL ACTION NO. _____

v.

**THE CSI COMPANIES, INC.**,

Defendant.                                   **JURY DEMANDED**

## ORIGINAL COMPLAINT

Plaintiff Desmond Agbondinmwin ("Plaintiff"), through his undersigned counsel, files this Complaint against Defendant The CSI Companies, Inc. ("CSI" or "Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff alleges that he was improperly classified as an independent contractor and did not receive overtime pay for hours worked in excess of forty (40) in a workweek, and did not receive pay for out-of-town travel time during normal business hours. The following allegations are based on Plaintiff's personal knowledge and information and belief.

### SUMMARY OF CLAIMS

1. Defendant violated the FLSA, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), by failing to pay Plaintiff for work in excess of forty (40) hours per week without properly compensating him for overtime premium rates for non-travel hours worked, and for failing to pay anything for out-of-town travel time during regular business hours.

### JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 201 *et. seq.*, and 28

U.S.C. § 1331.

3. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

4. This Court has personal, "general," jurisdiction over all claims against Defendant because Defendant conducts business in this judicial district.

5. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because some of the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

6. Plaintiff is a Texas resident who worked for Defendant from approximately 2017 until 2021, providing training to new users on how to use commercial software. The new users of the software were employees of Defendant's clients.

7. Plaintiff worked for Defendant in several states, including Nebraska, Georgia, Connecticut, Texas and Maryland, among others. At all relevant times, Plaintiff has been an employee who was employed within the meaning of 29 U.S.C. § 203(e) and (g).

8. Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d).

9. Defendant's main function is to recruit and hire individuals like Plaintiff who primarily train hospital employees (new users) how to use certain commercial software during "go live" events. Defendant carries out and coordinates its main function from its principal place of business located in Jacksonville, Florida.

10. Defendant provides staffing services to customers throughout the United States, including Nebraska.

11. According to the Nebraska Secretary of State, Defendant may be served through its registered agent for service of process: Cogency Global Inc, Suite C 5601 S. 59th Street,

Lincoln, Nebraska 68516.

## FACTS

12. Plaintiff worked for Defendant in the States of Nebraska, Georgia, Texas, Connecticut and Maryland, among others, during the applicable statute of limitations periods under the FLSA.

13. Defendant is an information technology firm that provides training and support to employees of hospitals and other medical facilities as those employees begin to learn how to use new commercial software.

14. Plaintiff was compensated by Defendant on an hourly basis.

15. Plaintiff was not paid on a salary basis.

16. Plaintiff regularly worked over forty (40) hours during the regular workweek. Plaintiff routinely worked seven days per week, twelve (12) hours per day.

17. The process of changing software systems, and acclimating users of an old software system to a newly installed software system is sometimes referred to as a "go live" event.

18. Plaintiff was an employee as a matter of economic reality. The Department of Labor's Wage and Hour Division ("WHD") Administrator's Interpretation No. 2015-1 states that "most workers are employees under the FLSA's broad definitions." Plaintiff qualifies as an employee under the FLSA.

19. The foregoing work performed by Plaintiff is an integral part of Defendant's business. Plaintiff provided support and training to Defendant's clients in connection with the conversion and implementation of new software programs.

20. Defendant controlled Plaintiff whenever he performed services on behalf of the Defendant.

21. The duties of Plaintiff did not involve managerial work. Plaintiff followed the training provided to him by Defendant in performing his work, which is basic training and support.

22. Plaintiff did not make any significant relative investments in relation to his work with Defendant. Defendant provides the training and equipment required to perform the functions of his work.

23. Plaintiff has little or no opportunity to experience a profit or loss related to his employment. Defendant pays Plaintiff a fixed hourly rate. Plaintiff did not share in Defendant's monetary success; his income from their work is limited to their hourly rate.

24. The work of Plaintiff performed did not require special skills, judgment or initiative. Defendant provides training, which they use in turn to provide introductory software training and support to Defendant's clients.

25. Plaintiff was economically dependent on Defendant.

26. Plaintiff was not and cannot be customarily engaged in an independently established trade, occupation, profession or business when working for Defendant, due to the excessive hours worked.

27. Plaintiff often entered into successive projects for Defendant.

28. Plaintiff had little or no authority to refuse or negotiate Defendant's rules and policies; he had to comply or risk discipline or termination.

29. Defendant instructs Plaintiff concerning how to do his work and Defendant dictated the details of the performance of his job.

30. Plaintiff generally had to travel out-of-town to the medical facilities of Defendant's clients when working for Defendant.

31. The aforementioned out-of-town travel by Plaintiff was for the benefit of Defendant.

32. Plaintiff was not compensated for such out-of-town travel time, even when it took place during normal business hours.

33. Defendant is compensated by its clients for the time spent by its workers, like Plaintiff, to train new users how to use software and to otherwise assist in the medical facilities' "go live" events.

34. Plaintiff was paid only a straight hourly rate of pay for non-travel hours worked, including hours worked over forty (40) each week.

35. Plaintiff was not paid for out-of-town travel time during normal business hours, including hours worked over forty (40) each week.

36. Plaintiff did not meet any test for exemption under applicable law.

37. Defendant had no good faith basis to believe that Plaintiff was exempt from the overtime requirements of the FLSA.

38. Defendant had no good faith basis to believe that Plaintiff should not have been paid for out-of-town travel during normal business hours.

39. Defendant either knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiff overtime compensation.  Defendant either knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiff for time spent on out-of-town travel during normal business hours.

40. Defendant had actual knowledge that Plaintiff worked overtime hours.  Defendant had actual knowledge that Plaintiff was not paid for out-of-town travel during normal business hours.

41. Defendant financially benefitted by failing to pay Plaintiff an overtime premium and by

failing to pay for time spent for applicable out-of-town travel during normal business hours.

42. Defendant's conduct as alleged herein was willful and has damaged Plaintiff. Defendant knew, and was aware at all times, of the alleged FLSA.

## ALLEGATIONS

43. Defendant engaged in a common scheme to avoid paying an overtime premium and for out-of-town travel during normal business hours to Plaintiff in workweeks during which he worked in excess of forty (40) hours per week in violation of the FLSA.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES
## AND FOR TRAVEL TIME UNDER THE FLSA

44. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1).

46. Defendant is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

47. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per workweek.

48. Defendant violated the FLSA by allowing Plaintiff to work overtime hours per workweek without paying him full overtime wages for these hours.

49. Plaintiff routinely worked in excess of forty (40) hours per week, but was not paid overtime premiums of one and one half times his regular hourly rates for non-travel hours.

50. Defendant violated the FLSA by allowing Plaintiff to travel out-of-town during normal business hours without compensation.

51. Plaintiff was not paid for out-of-town travel during the normal business hours.

52. The foregoing actions of Defendant violated the FLSA.

53. Defendant's actions were willful and not in good faith.

54. Plaintiff has been harmed as a direct and proximate result of Defendant's unlawful conduct.

55. Defendant is liable to Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, disbursements, expenses and prejudgment interest as may be allowed by law, and such other and further relief as the Court deems appropriate and just.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks the following relief:

a. Back pay damages for unpaid overtime compensation and travel time and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages and punitive damages to the fullest extent permitted under the law;

f. Litigation costs, disbursements, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

Dated: May 14, 2021.	Respectfully submitted,

*s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR#037004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

Attorneys for Plaintiff